## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

FRISCO AUTO ACQUISITIONS, INC.
d/b/a Frisco Chrysler Dodge Jeep Ram,
SUMMERFIELD AUTO
ACQUISITIONS, INC., CARL
ATKINSON, and FRANK RODRIGUEZ,

          Plaintiffs,

    vs.

FCA US LLC,

          Defendant.

Case No. 2:24-cv-13431-LJM-KGA

Hon. Laurie J. Michelson

Mag. Judge Kimberly G. Altman

## ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant FCA US LLC ("FCA"), through counsel, files this Answer to the First Amended Complaint and Demand for Jury Trial of Frisco Auto Acquisitions, Inc. d/b/a Frisco Chrysler Dodge Jeep Ram ("Frisco), Summerfield Auto Acquisitions, Inc. ("Summerfield), Carl Atkinson ("Atkinson"), and Frank Rodriguez ("Rodriguez") (collectively "Plaintiffs").

### **Introduction**

1.    FCA admits that Plaintiffs are comprised of motor vehicle dealers and their owners.

2.     FCA admits that franchised dealers may have a statutory right to challenge the addition of nearby competing dealers. FCA denies any remaining allegations in Paragraph 2 of the First Amended Complaint.

3.     FCA admits that Greenway Automotive Group ("Greenway") has various Chrysler, Dodge, Jeep, and Ram ("CDJR") Sales and Service Agreements ("Dealer Agreements") with FCA.

4.     FCA admits that in 2016, Frisco initiated two Add-Point Protests, as that term is defined in the First Amended Complaint, challenging the establishment of two CDJR dealers under state laws. FCA denies any remaining allegations of Paragraph 4 of the First Amended Complaint.

5.     FCA admits that the litigation matters referenced in Paragraph 5 of the First Amended Complaint were settled in 2017 by entering into an Agreement of Settlement, General Release and Covenant Not to Sue ("2017 Agreement"). The 2017 Agreement speaks for itself, and FCA denies any statements or interpretations inconsistent with the 2017 Agreement. FCA further admits that as a result of the 2017 Agreement, two CDJR dealerships opened. FCA denies any remaining allegations of Paragraph 5 of the First Amended Complaint.

6.     FCA denies the allegations in Paragraph 6 of the First Amended Complaint.

7. The 2017 Agreement speaks for itself, and FCA denies any statements or interpretations inconsistent with the 2017 Agreement. FCA admits that it noticed a potential Villages point in Florida. FCA denies any remaining allegations in Paragraph 7 of the First Amended Complaint.

8. FCA admits that Protests were initiated by two CDJR dealerships.

9. The 2017 Agreement speaks for itself, and FCA denies any statements or interpretations inconsistent with the 2017 Agreement. FCA denies any remaining allegations in Paragraph 9 of the First Amended Complaint.

10. FCA denies the allegations of Paragraph 10 of the First Amended Complaint.

11. FCA denies the allegations of Paragraph 11 of the First Amended Complaint.

12. FCA admits that Plaintiffs filed the First Amended Complaint. FCA denies any remaining allegations in Paragraph 12 of the First Amended Complaint.

### The Parties

13. FCA admits that Frisco, a Florida Corporation, is a franchised motor vehicle dealer located at 9640 TX-121, Frisco, Texas, where it sells and services CDJR products pursuant Dealer Agreements with FCA.

14. FCA is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 14 of the First Amended Complaint and therefore denies those allegations.

15. FCA is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 15 of the First Amended Complaint and therefore denies those allegations.

16. FCA is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 16 of the First Amended Complaint and therefore denies those allegations.

17. FCA admits the allegations in Paragraph 17 of the First Amended Complaint.

18. FCA admits the allegations in Paragraph 18 of the First Amended Complaint.

## **Jurisdiction**

19. The allegations of Paragraph 19 of the Complaint consist of legal conclusions; therefore, no response is required from FCA. To the extent a response is required, 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1367 speak for themselves, and FCA denies any statements or interpretations inconsistent with those statutes. To the extent a response is required, FCA admits the allegations of Paragraph 19 of the First Amended Complaint.

20.    The allegations of Paragraph 20 of the Complaint consist of legal conclusions; therefore, no response is required from FCA. To the extent a response is required, 28 U.S.C. §§ 1965(a) and (d) speak for themselves, and FCA denies any statements or interpretations inconsistent with those statutes. To the extent a response is required, FCA admits the allegations of Paragraph 20 of the First Amended Complaint.

21.    The allegations of Paragraph 21 of the Complaint consist of legal conclusions; therefore, no response is required from FCA. To the extent a response is required, 28 U.S.C. §§ 1391(a) and (d) speak for themselves, and FCA denies any statements or interpretations inconsistent with those statutes. To the extent a response is required, FCA admits the allegations of Paragraph 21 of the First Amended Complaint.

## Facts Applicable to All Claims

### A. Greenway Auto Group

22.    FCA is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 22 of the First Amended Complaint and therefore denies those allegations.

23.    FCA is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 23 of the First Amended Complaint and therefore denies those allegations.

24.     FCA is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 24 of the First Amended Complaint and therefore denies those allegations.

25.     FCA admits that Greenway has Dealer Agreements with FCA for various dealerships, including Frisco. FCA is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 25 of the First Amended Complaint and therefore denies those allegations.

## B. Frisco Action

26.     FCA admits the allegations in Paragraph 26 of the First Amended Complaint.

27.     FCA admits that in 2016 Frisco filed two Protests challenging the establishment of two CDJR franchised dealerships with the Texas Department of Motor Vehicles ("Texas Protests"). FCA denies the remaining allegations in Paragraph 27 of the First Amended Complaint

28.     FCA admits the allegations in Paragraph 28 of the First Amended Complaint.

29.     FCA is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 29 of the First Amended Complaint and therefore denies those allegations.

30.     FCA denies the allegations of Paragraph 30 of the First Amended Complaint.

### C. The 2017 Agreement and LOI

31.     The 2017 Agreement and LOI speak for themselves, and FCA denies any statements or interpretations inconsistent with the 2017 Agreement and LOI. FCA denies any remaining allegations in Paragraph 31 of the First Amended Complaint.

32.     FCA admits the allegations in Paragraph 32 of the First Amended Complaint.

33.     The LOI speaks for itself, and FCA denies any statements or interpretations inconsistent with the LOI. FCA denies any remaining allegations in Paragraph 33 of the First Amended Complaint.

34.     The LOI speaks for itself, and FCA denies any statements or interpretations inconsistent with the LOI. FCA denies any remaining allegations in Paragraph 34 of the First Amended Complaint.

35.     The 2017 Agreement speaks for itself, and FCA denies any statements or interpretations inconsistent with the 2017 Agreement. FCA denies any remaining allegations in Paragraph 35 of the First Amended Complaint.

36.     The 2017 Agreement speaks for itself, and FCA denies any statements or interpretations inconsistent with the 2017 Agreement. FCA denies any remaining allegations in Paragraph 36 of the First Amended Complaint.

37.     The ROFR provision in the 2017 Agreement speaks for itself, and FCA denies any statements or interpretations inconsistent with the ROFR provision in the 2017 Agreement. FCA denies any remaining allegations in Paragraph 37 of the First Amended Complaint.

38.     The ROFR provision in the 2017 Agreement speaks for itself, and FCA denies any statements or interpretations inconsistent with the ROFR provision in the 2017 Agreement. FCA denies any remaining allegations in Paragraph 38 of the First Amended Complaint.

39.     The LOI speaks for itself, and FCA denies any statements or interpretations inconsistent with the LOI. FCA denies any remaining allegations in Paragraph 39 of the First Amended Complaint.

### D. Completion of the Conditions Precedent and FCA's Failure to Defend the LOI Protest

40.     The LOI speaks for itself, and FCA denies any statements or interpretations inconsistent with the LOI. FCA admits that it issued notices regarding the establishment of the proposed Villages Dealership to be located in Marion

County, Florida. FCA denies any remaining allegations in Paragraph 40 of the First Amended Complaint

41.    FCA admits that in July 2018, two dealers filed Protests with the DHSMV, challenging the establishment of the Villages Dealership.

42.    The LOI speaks for itself, and FCA denies any statements or interpretations inconsistent with the LOI. FCA admits that it defended the protests initially and later withdrew the notices to establish the Villages Dealership. FCA denies any remaining allegations in Paragraph 42 of the First Amended Complaint.

43.    FCA admits that on or about January 4, 2019, FCA's counsel communicated with Plaintiff's counsel regarding the withdrawal of the notices. FCA denies any remaining allegations in Paragraph 43 of the First Amended Complaint.

44.    The letter attached as Exhibit B to Plaintiffs' First Amended Complaint speaks for itself, and FCA denies any statements or interpretations inconsistent with the letter. FCA denies any remaining allegations in Paragraph 44 of the First Amended Complaint.

45.    The letter attached as Exhibit C to Plaintiffs' First Amended Complaint speaks for itself, and FCA denies any statements or interpretations inconsistent with the letter. FCA denies any remaining allegations in Paragraph 45 of the First Amended Complaint.

46.     FCA's Withdrawal of Notices of Intent to Establish and Motion to Dismiss as Moot attached as Exhibit D to Plaintiffs' First Amended Complaint speaks for itself, and FCA denies any statements or interpretations inconsistent with it. FCA admits that it withdrew the notices for the proposed dealership per Exhibit D. FCA denies any remaining allegations in Paragraph 46 of the First Amended Complaint.

47.     FCA denies the allegations of Paragraph 47 of the First Amended Complaint.

48.     The letter attached as Exhibit C to Plaintiffs' First Amended Complaint speaks for itself, and FCA denies any statements or interpretations inconsistent with the letter. FCA denies any remaining allegations in Paragraph 48 of the First Amended Complaint.

49.     FCA admits that it retained experts from Urban Science Applications, Inc. ("USAI"). FCA denies any remaining allegations in Paragraph 49 of the First Amended Complaint.

50.     FCA admits, at times, it reviews data on open points with USAI. FCA denies any remaining allegations in Paragraph 50 of the First Amended Complaint.

51.     FCA denies the allegations of Paragraph 51 of the First Amended Complaint.

52.     FCA admits that USAI issued an expert report, which speaks for itself. FCA denies any allegations inconsistent with the report and any remaining allegations in Paragraph 52 of the First Amended Complaint.

53.     FCA denies the allegations of Paragraph 53 of the First Amended Complaint.

54.     FCA denies the allegations of Paragraph 54 of the First Amended Complaint.

## E. Subsequent Efforts to Obtain a Suitable Open Point and FCA's Breach of the 2017 Agreement

55.     The 2017 Agreement speaks for itself, and FCA denies any statements or interpretations inconsistent with the 2017 Agreement. FCA denies any remaining allegations in Paragraph 55 of the First Amended Complaint.

56.     The letter referenced in Paragraph 56 of the First Amended Complaint speaks for itself, and FCA denies any statements or interpretations inconsistent with the letter. FCA denies any remaining allegations in Paragraph 56 of the First Amended Complaint.

57.     The letter referenced in Paragraph 57 of the First Amended Complaint speaks for itself, and FCA denies any statements or interpretations inconsistent with the letter. FCA denies any remaining allegations in Paragraph 57 of the First Amended Complaint.

58.     The letter referenced in Paragraph 58 of the First Amended Complaint speaks for itself, and FCA denies any statements or interpretations inconsistent with the letter. FCA denies any remaining allegations in Paragraph 58 of the First Amended Complaint.

59.     FCA admits that it has provided open points to Plaintiffs, which were all turned down by Plaintiffs. FCA denies any remaining allegations in Paragraph 59 of the First Amended Complaint.

60.     The correspondence speaks for itself, and FCA denies any statements or interpretations inconsistent with the correspondence. FCA denies any remaining allegations in Paragraph 60 of the First Amended Complaint.

61.     FCA denies the allegations of Paragraph 61 of the First Amended Complaint.

62.     FCA admits that it has established CDJR dealerships in the past but denies any remaining allegations in Paragraph 62 of the First Amended Complaint.

63.     FCA denies the allegations of Paragraph 63 of the First Amended Complaint.

64.     FCA denies the allegations of Paragraph 64 of the First Amended Complaint.

65.     FCA admits that it has adhered to its obligations under the parties'
agreements and denies the remaining allegations of Paragraph 65 of the First
Amended Complaint.

66.     FCA denies the allegations of Paragraph 66 of the First Amended
Complaint.

67.     FCA denies the allegations of Paragraph 67 of the First Amended
Complaint.

68.     FCA denies the allegations of Paragraph 68 of the First Amended
Complaint.

69.     FCA denies the allegations of Paragraph 69 of the First Amended
Complaint.

## **FIRST COUNT**
### **(Breach of Contract — LOI)**

70.     FCA incorporates by reference its responses set forth elsewhere in this
Answer as if set forth here.

71.     FCA admits that Plaintiffs and FCA are parties to the 2017 Agreement.

72.     FCA admits the allegations of Paragraph 72 of the First Amended
Complaint.

73.     The allegations of Paragraph 73 of the Complaint consist of legal
conclusions; therefore, no response is required from FCA. To the extent a response

13

is required, the LOI speaks for itself, and FCA denies any statements or interpretations inconsistent with the LOI.

74. FCA denies the allegations of Paragraph 74 of the First Amended Complaint.

75. FCA admits the allegations of Paragraph 75 of the First Amended Complaint.

76. FCA denies the allegations of Paragraph 76 of the First Amended Complaint.

77. FCA denies the allegations of Paragraph 77 of the First Amended Complaint.

78. FCA admits the allegations of Paragraph 78 of the First Amended Complaint.

79. The LOI speaks for itself, and FCA denies any statements or interpretations inconsistent with the LOI. FCA denies any remaining allegations in Paragraph 79 of the First Amended Complaint.

80. FCA admits that it withdrew its notices proposing the establishment of the Villages Dealership but denies any remaining allegations in Paragraph 80 of the First Amended Complaint.

81. FCA denies the allegations of Paragraph 81 of the First Amended Complaint.

82. FCA denies the allegations of Paragraph 82 of the First Amended Complaint.

83. FCA denies the allegations of Paragraph 83 of the First Amended Complaint.

84. FCA denies the allegations of Paragraph 84 of the First Amended Complaint.

85. The allegations of Paragraph 85 of the Complaint consist of legal conclusions; therefore, no response is required from FCA. FCA denies any remaining allegations in Paragraph 85 of the First Amended Complaint.

86. *Sagmani v. Ahmad,* No. 366995, 2024 WL 4448755 (Mich. Ct. App. Oct. 8, 2024) speaks for itself, and FCA denies any statements or interpretations inconsistent with that case. FCA denies any remaining allegations in Paragraph 86 of the First Amended Complaint.

87. FCA denies the allegations of Paragraph 87 of the First Amended Complaint.

88. FCA denies the allegations of Paragraph 88 of the First Amended Complaint.

Regarding the WHEREFORE clause and its subparts (1) through (3) contained in the First Count of the First Amended Complaint, FCA denies that

Plaintiffs are entitled to any of their requested relief or damages under any theory of recovery against FCA. As such, FCA denies that Plaintiffs are entitled to a judgment against FCA for damages, attorneys' fees, costs, or any other relief of any kind.

## SECOND COUNT
### (Breach of Contract — 2017 Agreement)

89.     FCA incorporates by reference its responses set forth elsewhere in this Answer as if set forth here.

90.     FCA admits that Plaintiffs and FCA are parties to the 2017 Agreement.

91.     FCA denies the allegations of Paragraph 91 of the First Amended Complaint.

92.     The LOI speaks for itself, and FCA denies any statements or interpretations inconsistent with the LOI. FCA denies any remaining allegations in Paragraph 92 of the First Amended Complaint.

93.     FCA denies the allegations of Paragraph 93 of the First Amended Complaint.

94.     FCA denies the allegations of Paragraph 94 of the First Amended Complaint.

95.     FCA denies the allegations of Paragraph 96 of the First Amended Complaint.

96.     FCA denies the allegations of Paragraph 96 of the First Amended Complaint.

97. FCA denies the allegations of Paragraph 97 of the First Amended Complaint.

98. FCA denies the allegations of Paragraph 98 of the First Amended Complaint.

99. The allegations of Paragraph 99 of the Complaint consist of legal conclusions; therefore, no response is required from FCA. FCA denies any remaining allegations in Paragraph 99 of the First Amended Complaint.

100. *Sagmani v. Ahmad,* No. 366995, 2024 WL 4448755 (Mich. Ct. App. Oct. 8, 2024) speaks for itself, and FCA denies any statements or interpretations inconsistent with that case. FCA denies any remaining allegations in Paragraph 100 of the First Amended Complaint.

101. FCA denies the allegations of Paragraph 101 of the First Amended Complaint.

102. FCA denies the allegations of Paragraph 102 of the First Amended Complaint.

103. FCA denies the allegations of Paragraph 103 of the First Amended Complaint.

Regarding the WHEREFORE clause and its subparts (1) through (6) contained in the Second Count of the First Amended Complaint, FCA denies that Plaintiffs are entitled to any of their requested relief or damages under any theory of

17

recovery against FCA. As such, FCA denies that Plaintiffs are entitled to a judgment against FCA for damages, equitable relief, attorneys' fees, costs, or any other relief of any kind.

## THIRD COUNT
### (Anticipatory Breach of Contract — 2017 Agreement)

104.   FCA incorporates by reference its responses set forth elsewhere in this Answer as if set forth here.

105.   FCA admits that Plaintiffs and FCA are parties to the 2017 Agreement. FCA denies any remaining allegations in Paragraph 105 of the First Amended Complaint.

106.   FCA denies the allegations of Paragraph 106 of the First Amended Complaint.

107.   The LOI speaks for itself, and FCA denies any statements or interpretations inconsistent with the LOI. FCA denies any remaining allegations in Paragraph 107 of the First Amended Complaint.

108.   FCA denies the allegations of Paragraph 108 of the First Amended Complaint.

109.   FCA denies the allegations of Paragraph 109 of the First Amended Complaint.

110.   FCA denies the allegations of Paragraph 110 of the First Amended Complaint.

111. FCA denies the allegations of Paragraph 111 of the First Amended Complaint.

112. FCA denies the allegations of Paragraph 112 of the First Amended Complaint.

113. FCA denies the allegations of Paragraph 113 of the First Amended Complaint.

114. FCA denies the allegations of Paragraph 114 of the First Amended Complaint.

Regarding the WHEREFORE clause and its subparts (1) through (6) contained in the Third Count of the First Amended Complaint, FCA denies that Plaintiffs are entitled to any of their requested relief or damages under any theory of recovery against FCA. As such, FCA denies that Plaintiffs are entitled to a judgment against FCA for damages, equitable relief, attorneys' fees, costs, or any other relief of any kind.

## RESPONSE TO DEMAND FOR JURY TRIAL

FCA demands a jury trial as to all actions and claims so triable.

## GENERAL DENIAL

FCA denies all allegations contained in Plaintiffs' First Amended Complaint not expressly admitted above.

## DEFENSES AND AFFIRMATIVE DEFENSES

19

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    FCA's conduct is not violative of any provision of Michigan law.

3.    FCA's conduct is not violative of any provision of federal law.

4.    Plaintiffs' claims are barred because FCA acted within the discretion expressly granted by the Parties' agreements.

5.    Plaintiffs' claims against FCA are barred or reduced by equitable doctrines including estoppel and quasi estoppel, acquiescence, waiver, consent, laches, ratification, and unclean hands.

6.    Plaintiffs' claims and damages are barred in whole or in part by contractual releases, waivers, and covenants not to sue.

7.    Plaintiffs' claims are barred because FCA's contractual obligations are ongoing and no duty to perform has yet matured.

8.    Plaintiffs' claims against FCA are barred, waived, and/or reduced by its own conduct and/or representations to FCA.

9.    Plaintiffs' claims against FCA are barred or reduced by Plaintiffs' failure to comply with statutory and/or regulatory requirements.

10.    Plaintiffs' claims against FCA are barred or reduced by the doctrines of res judicata, collateral estoppel, claim preclusion, and issue preclusion.

11.    Plaintiffs' damages, if any, are barred or reduced by their failure to take reasonable steps to minimize or mitigate their claimed damages.

12. Plaintiffs' claims are barred because FCA acted in good faith and in compliance with all contractual obligations.

13. Plaintiffs' damages, if any, were caused by independent, intervening, or supervening causes and/or parties.

14. Plaintiffs' claims are barred because Plaintiffs knowingly assumed the risks associated with dealership establishment under the parties' agreements.

15. Plaintiffs' claims are barred because Plaintiffs failed to satisfy contractual conditions precedent to the relief they seek.

16. Plaintiffs' claims are barred because Plaintiffs suffered no recoverable damages, or any alleged damages are speculative, remote, or barred by contract.

17. Plaintiffs' claims are barred because FCA never unequivocally repudiated its obligations.

18. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs rejected each open point offered by FCA pursuant to the ROFR provision of the 2017 Agreement. Under the express terms of the Agreement, Plaintiffs' failure to accept an offered open point within thirty (30) days immediately extinguished the ROFR as to that offer and relieved FCA of any further obligation with respect to it. Plaintiffs' rejection of the offered open points constitutes a failure of conditions precedent, waiver of any claim that FCA failed to comply with the ROFR, and bars Plaintiffs' claims as a matter of contract.

19.    FCA reserves the right to assert additional defenses revealed through

discovery.

Respectfully submitted this 10th day of February, 2026.

*/s/ Mark T. Clouatre*
Mark T. Clouatre
John P. Streelman
Nelson Mullins Riley & Scarborough LLP
1400 Wewatta Street, Suite 500
Denver, CO 80202
Phone: (303) 583-9900
mark.clouatre@nelsonmullins.com
john.streelman@nelsonmullins.com

Brian S. Tobin (MI Bar No. P67621)
Carlson, Gaskey & Olds, P.C.
400 W. Maple, Suite 350
Birmingham, MI 48009
Phone: (248) 988-8360
btobin@cgolaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 10th, 2026, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and was served upon all counsel of record through CM/ECF.

*/s/ Nikki Hancock*
*Nelson Mullins Riley & Scarborough LLP*