UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRISCO AUTO ACQUISITIONS, INC.
et al.,

Plaintiffs,

v.

FCA US, LLC,

Defendant.

Case No. 24-13431
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING PLAINTIFFS'
MOTION TO STRIKE [30]**

---

Plaintiffs—an automotive dealership, dealership acquisition group, and its principals—own and operate Chrysler Dodge Jeep Ram dealerships across the country. Defendant, FCA US LLC, manufactures the cars for those dealerships. Plaintiffs filed this breach of contract lawsuit against FCA regarding an agreement to establish a new dealership. In lieu of filing an answer, FCA filed a motion to dismiss for failure to state a claim. The Court denied that motion, finding Plaintiffs had plausibly pled their claims. FCA subsequently answered the complaint and asserted various affirmative defenses that had also been raised in its motion to dismiss. Plaintiffs now move to strike several of FCA's affirmative defenses, reasoning these defenses are improper because they had already been "dispatched" by way of the Court denying the motion to dismiss and by virtue of the agreement's plain language.

For the reasons that follow, Plaintiffs' motion to strike (ECF No. 30) is DENIED.

## I.

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to "'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986)). Motions to strike, however, are "viewed with disfavor and are not frequently granted." *Id.* (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). As such, a defense should be stricken only "if as a matter of law, the defense cannot succeed under any circumstances." *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 823 (E.D. Mich. 2015) (citing *Hahn v. Best Recovery Servs., LLC*, 2010 WL 4483375, at *2 (E.D. Mich. Nov. 1, 2010)).

## A.

Plaintiffs ask this Court to strike FCA's defenses in paragraphs 1, 6, 7, and 14 of its answer because they were "already dispatched by the Court's order on FCA's motion to dismiss." (ECF No. 30, PageID.371.) Those defenses are:

[Paragraph 1] The Complaint fails to state a claim upon which relief can be granted.

[Paragraph 6] Plaintiffs' claims and damages are barred in whole or in part by contractual releases, waivers, and covenants not to sue.

[Paragraph 7] Plaintiffs' claims are barred because FCA's contractual obligations are ongoing and no duty to perform has yet matured.

[Paragraph 14] Plaintiffs' claims are barred because Plaintiffs knowingly assumed the risks associated with dealership establishment under the parties' agreements.

(ECF No. 29, PageID.359–360.)

This Court begins with the affirmative defenses in paragraphs 6, 7, and 14. Plaintiffs argue that since FCA "already raised" these defenses in its motion to dismiss, and the Court "previously ruled on these defenses when it denied the motion to dismiss," they should now be stricken. (ECF No. 30, PageID.371.) This misunderstands the Court's previous ruling. There, the Court concluded that Plaintiffs' complaint stated a plausible claim, not that FCA's defenses under the contract were impossible, meritless, or frivolous. Since these defenses may be viable after discovery and additional briefing, they will not be stricken at this time.

Turning to the affirmative defense in paragraph 1,[1] failure to state a claim. Plaintiffs likewise contend that, by denying FCA's motion to dismiss under Rule 12(b)(6), the Court already found that Plaintiffs plausibly state a claim, thus foreclosing this defense. (ECF No. 30, PageID.371.)

True, that argument has been raised and rejected. But a motion to strike is not appropriate at this time for several reasons. First, there has been no final judgment

---

[1] The Court will not wade into the question of whether "failure to state a claim" constitutes an affirmative defense. *See Int'l Outdoor, Inc. v. City of Southgate*, No. 11-14719, 2012 WL 2367160, at *3 (E.D. Mich. Apr. 26, 2012). As the cases point out, that is a defense that Federal Rule of Civil Procedure 12 expressly states can be asserted in an answer. Fed. R. Civ. P 12(h)(2). (*Id.*) And the parties did not raise this issue in the briefing.

in the case, so the Court can reconsider and reopen any part of the case before that time—including its conclusion that Plaintiffs plausibly state a claim for relief. *See In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) ("[D]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment."). And second, if FCA later raises this already-rejected argument, Plaintiffs will not be without recourse to challenge it. Indeed, FCA would likely have to clear the "high hurdle" of seldom-granted motions for reconsideration. *See Kemen v. Cincinnati Bell Tel. Co., LLC*, No. 22-152, 2024 WL 1242295, at *4 (S.D. Ohio Mar. 22, 2024) (construing defendant's motion to dismiss that "merely reraises arguments the Court has already addressed" as a motion for reconsideration and requiring defendant to show an intervening change of controlling law, new evidence, or a clear error of law that merit such a result); *see also Machesney v. Ramsgate Ins., Inc.*, No. 13-11804, 2014 WL 12662245, at *2 (E.D. Mich. Nov. 10, 2014) ("Consequently, because Defendant seeks to reargue the same issues previously argued and decided, the Court construes the instant motion as a motion for reconsideration.")

## B.

Plaintiffs also ask the Court to strike or, in the alternative, to require a more definite statement under Federal Rule of Civil Procedure 12(e) on FCA's defense in paragraph 18 of the answer. (ECF No. 30, PageID.372.) That paragraph reads as follows:

> Plaintiffs' claims are barred, in whole or in part, because Plaintiffs rejected each open point offered by FCA pursuant to the ROFR provision of the 2017 Agreement. Under the express terms of the Agreement, Plaintiffs' failure to accept an offered open point within thirty (30) days

> immediately extinguished the ROFR as to that offer and relieved FCA of any further obligation with respect to it. Plaintiffs' rejection of the offered open points constitutes a failure of conditions precedent, waiver of any claim that FCA failed to comply with the ROFR, and bars Plaintiffs' claims as a matter of contract.

(ECF No. 29, PageID.360.) Plaintiffs say "no set of facts" could support this defense because it "contradicts the plain language of the contract." (ECF No. 30, PageID.372–373.)

Yet, as Plaintiffs seemingly acknowledge, there is a set of facts that could extinguish the ROFR—if "Greenway does not accept or decline the offer within 30 calendar days . . . ." (*Id.* at PageID.373 (citing ECF No. 12-1, PageID.150).) Plus, discovery will bear out whether this provision actually means what Plaintiffs think it means. Thus, the Court, in its discretion, declines to strike the affirmative defense at this time. *Wilson v. Stewart*, No. 25-10483, 2026 WL 579599, at *1 (E.D. Mich. Mar. 2, 2026) ("A court's ruling on a motion to strike is 'wholly discretionary.'") (internal citations omitted); *Bell v. United Parcel Serv., Inc.*, No. 16-2467, 2019 WL 4820450, at *9 (E.D. Mich. Sept. 30, 2019) ("District courts have discretion in determining whether to grant a motion to strike.").

Lastly, Federal Rule of Civil Procedure 12(e) gives the district court the discretion to grant a request for more definite statement if the pleading complained of "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The challenged defense clearly provided sufficient information and adequate notice, as Plaintiffs were able to articulate the perceived defects of FCA's contract interpretation in their motion. *See Waugh v. Miller*, No. 23-10025,

2023 WL 5529751, at *1 (E.D. Mich. Aug. 28, 2023) ("Courts should deny a Rule 12(e) motion if the complaint satisfies the notice pleading requirements of Rule 8.") Therefore, the Court declines Plaintiffs' request for a more definite statement of FCA's affirmative defense in paragraph 18 of the answer. *Barnes v. G4S Secure Sols. (USA) Inc.*, No. 23-12897, 2026 WL 353027, at *2 (E.D. Mich. Feb. 9, 2026) ("Whether to grant a motion for a more definite statement is within the discretion of the trial court."). Plus, Plaintiffs can seek out additional information during discovery, which remains open through August 31, 2026 (ECF No. 28). *See Diakite v. Yellen*, No. 23-10470, 2024 WL 665534, at *5 (E.D. Mich. Feb. 16, 2024) ("In view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant [Rule 12(e)] motions.").

## II.

Accordingly, the Court DENIES Plaintiffs' motion to strike (ECF No. 30).

IT IS SO ORDERED.

Dated: June 26, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

6